DECISION
{¶ 1} On February 5, 2008, this court rendered an opinion affirming the judgment of the Franklin County Municipal Court and granting appellees' motion for an award of damages. The case was referred to a magistrate to determine the amount of damages.
 {¶ 2} On June 17, 2008, the magistrate filed a magistrate's decision, a copy of which is attached as Appendix A. No party has filed objections to the magistrate's decision. The issue of damages is now before the court for review. *Page 2 
 {¶ 3} No error of law or fact is present on the face of the magistrate's decision. We, therefore, adopt the findings of fact and conclusions of law contained in the magistrate's decision. As a result, we award damages to the appellee in the sum of $9,630.50.
Damage award of $9,630.50 granted.
KLATT and T. BRYANT, JJ., concur.
BRYANT, J., retired of the Third Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution. *Page 3 
 APPENDIX A MAGISTRATE'S DECISION Rendered June 17, 2008 {¶ 4} On November 30, 2007, appellees moved for damages under App. R. 23. On February 5, 2008, this court sustained appellees' motion and remanded the matter to this magistrate for a determination of the amount of appellees' damages. Following the filing of affidavits and briefs, the magistrate now submits his magistrate's decision on the matter remanded to him by this court on February 5, 2008. *Page 4 
Findings of Fact: {¶ 5} 1. This appeal was filed on October 11, 2007 by appellant, Joel Kalson, against whom damages are sought under App. R. 23.
 {¶ 6} 2. This appeal arose out of a forcible entry and detainer action filed in the Franklin County Municipal Court ("trial court") by William J. Dobbins ("appellee") who was appellant's landlord. In the trial court, appellee obtained a default judgment against appellant.
 {¶ 7} 3. On October 11, 2007, appellant moved this court for a stay of the trial court's judgment of eviction.
 {¶ 8} 4. Also on October 11, 2007, appellee filed a memorandum in opposition to the motion for stay.
 {¶ 9} 5. On October 12, 2007, this court granted appellant's motion for stay of execution of the trial court's judgment pending the appeal, conditioned upon appellant's posting with the clerk of the trial court a supersedeas or cash bond in the amount of $8,500.
 {¶ 10} 6. On October 22, 2007, appellee moved for an expedited briefing schedule.
 {¶ 11} 7. On October 25, 2007, this court granted appellee's October 22, 2007 motion for an expedited briefing schedule. Under this court's expedited schedule, appellant's brief was due on or before November 8, 2007.
 {¶ 12} 8. On November 6, 2007, appellant's counsel entered her appearance and moved for an extension of time to file appellant's brief by November 20, 2007. *Page 5 
 {¶ 13} 9. Also on November 6, 2007, appellee filed a memorandum in opposition to appellant's motion for an extension of time to file appellant's brief.
 {¶ 14} 10. On November 8, 2007, this court's mediator held a mediation conference with the parties.
 {¶ 15} 11. On November 9, 2007, this court granted appellant's November 6, 2007 motion to the extent that appellant's brief shall be filed no later than November 15, 2007.
 {¶ 16} 12. On November 15, 2007, appellant filed his brief pursuant to this court's extended schedule.
 {¶ 17} 13. On November 30, 2007, appellee filed his brief.
 {¶ 18} 14. Also on November 30, 2007, appellee filed a motion for damages pursuant to App. R. 23.
 {¶ 19} 15. On December 10, 2007, appellant filed his reply brief.
 {¶ 20} 16. Also on December 10, 2007, appellant filed his memorandum in opposition to appellee's November 30, 2007 motion for App. R. 23 damages.
 {¶ 21} 17. On January 3, 2008, oral argument was held before this court.
 {¶ 22} 18. On February 5, 2008, this court issued its opinion. In this court's opinion, appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.
 {¶ 23} 19. Also on February 5, 2008, by journal entry, appellee's November 30, 2007 motion for damages was sustained and the matter was remanded to the magistrate for a determination of appellee's damages. *Page 6 
 {¶ 24} 20. On February 7, 2008, appellee filed a "Motion For Set Out." The motion requested that this court issue an order permitting the Franklin County Service Bailiff's Office to execute upon appellee's writ of restitution for the premises.
 {¶ 25} 21. On February 8, 2008, by journal entry, this court granted appellee's February 7, 2008 motion to the extent that the trial court is authorized to forthwith issue a set out order.
 {¶ 26} 22. On February 12, 2008, by journal entry, this magistrate was appointed.
 {¶ 27} 23. On March 4, 2008, the magistrate held a conference with the parties. Thereafter, the magistrate issued an order setting forth a schedule for the filing of affidavits and briefs regarding the determination of damages under App. R. 23.
 {¶ 28} 24. On March 14, 2008, pursuant to the magistrate's scheduling order, appellee filed the affidavit of Brian K. Duncan who was appellee's counsel during the appeal.
 {¶ 29} 25. On April 8, 2008, appellee moved for release of the supersedeas bond and requested that it be applied to the damages to be determined by this magistrate and this court.
 {¶ 30} 26. On April 10, 2008, by journal entry, this court denied appellee's April 8, 2008 motion for release of the supersedeas bond. In its entry, this court noted that "App. R. 7(B) clearly provides that the trial court has authority over disposition of the bond posted with the clerk of that court."
 {¶ 31} 27. On May 5, 2008, appellee filed a brief relating to the App. R. 23 damages determination. *Page 7 
 {¶ 32} 28. Also on May 5, 2008, appellant filed a brief relating to the App. R. 23 damages determination.
 {¶ 33} 29. On May 8, 2008, appellee filed a written response (reply) to appellant's brief filed May 5, 2008.
Conclusions of Law: {¶ 34} App. R. 23 states:
 If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs.
 {¶ 35} The magistrate's order of May 5, 2008 provides:
 It was agreed by the parties, through counsel, that the appellees shall file one or more affidavits that present an appropriately itemized schedule of attorney fees and costs related to appellees' defense of this appeal and their pursuit of an award under App. R. 23. Presumably, the affiant or affiants will be appellees' counsel of record in this appeal. The affidavits may contain exhibits as appropriate.
 The itemization of the attorney fees and costs shall be sufficiently specific so that this magistrate and this court can determine the reasonableness of the claimed fees and costs relating to the preparation of motions, memoranda, briefs and other legal documents filed by appellees in this appeal.
 {¶ 36} The affidavit of Brian K. Duncan presents five exhibits denominated A through E.
 {¶ 37} Exhibit A presents the value of legal services provided to appellee in seven categories. Those categories and the total value of legal services pertaining to each category are as follows:
CATEGORY TOTAL
1. Motion for Stay in Appellate Court. $611.50
 *Page 8 
2. Motion for an Expedited Briefing Schedule
 at Appeals Court. $1023.50
3. Brief in Opposition to Motion for Extension. $ 493
4. Mediation. $1,081
5. Brief of Appellant; Motion for Sanctions;
 Brief of Appellee. $4,129
6. Oral Argument. $1,941.50
7. Writ and Set Out. $2,844

 {¶ 38} As indicated on page four of Exhibit A of the Duncan affidavit, the total for the seven categories is $12,123.50.
 {¶ 39} On page four of Exhibit A, the appellee provides a figure of $1,409 described as "March Time," a figure of $12,123.50 described as "Total Fees From Time," and a figure of $1,073.87 described as "Total Costs." The three figures total $14,606.37 as indicated on page four of Exhibit A. Those dollar figures fail to meet the itemization standard set forth in the magistrate's order of March 5, 2008. Accordingly, those three figures and their total shall not be considered by this magistrate.
 {¶ 40} Exhibit A of the Duncan affidavit also contains a multi-page document captioned "Pre-bill worksheet." The pre-bill worksheet lists chronologically the law firm expenses beginning October 11, 2007 (research) to February 28, 2008 (mileage). On page 14 of the pre-bill worksheet, under the heading "Calculation of Fees and Costs," $15,752.50 is listed as "Total of Fees."
 {¶ 41} In appellee's brief filed May 5, 2008, appellee, through counsel, claims that the Duncan affidavit shows "attorneys time and rate and advanced expenses in the sum *Page 9 
of $15,752.50." It is obvious that the pre-bill worksheet total of $15,752.50 fails to satisfy the itemization standard set forth in the magistrate's order of March 5, 2008.
 {¶ 42} Also, appellee's brief filed May 5, 2008 requests that this court consider as additional damages a total of $8,595.95 that are itemized. The itemized list includes the cost of carpet cleaning, furnace work and other items including $7,590 for "Misc. Hours for Eviction." It is obvious that the items totaling $8,595.95 have nothing to do with appellee's expenses or damages incurred in this appeal. Accordingly, this magistrate eliminates the total of $8,595.95 of itemized costs as not being related to this appeal.
 {¶ 43} Given the above analysis, the remainder of this magistrate's decision will address appellee's claim to $12,123.50 based upon the seven categories noted above.
 {¶ 44} In his brief, appellant addresses each of the seven categories totaling $12,123.50.
 {¶ 45} Appellant does not challenge or dispute three of the seven categories, as follows:
CATEGORY TOTAL
1. Motion for Stay in Appellate Court. $611.50
5. Brief of Appellant; Motion for Sanctions;
 Brief of Appellee. $4,129
6. Oral Argument. $1,941.50

 {¶ 46} Accordingly, the undisputed amounts are allowed as damages by this magistrate.
 {¶ 47} Appellant's challenges to the remaining categories will now be addressed by the magistrate. *Page 10 
 {¶ 48} Appellant challenges the necessity of appellee's October 22, 2007 motion for an expedited briefing schedule and, thus, appellee's claim to $1,023.50 of fees for preparation of the motion and related services.
 {¶ 49} According to appellant, the motion was unnecessary because "[a]ppellant had posted a cash bond and was still paying rent every month." (Appellant's brief, at 2.)
 {¶ 50} Given that this court granted appellee's October 22, 2007 motion for an expedited briefing schedule, this magistrate must conclude that appellee's motion had merit.
 {¶ 51} Consequently, appellee is entitled to the reasonable cost of legal services incurred in the preparation and filing of the motion. However, the magistrate finds that $1,023.50 for preparation of a three-page motion is excessive.
 {¶ 52} Exhibit A of the Duncan affidavit indicates that Brian Duncan spent 3.3 hours preparing the motion and that $379.50 was entered as the firm's charge for the 3.3 hours.
 {¶ 53} The motion was filed by a legal assistant who took .4 hours to accomplish the task. The firm charges $20 for the filing of a motion. The remainder of the items listed under "Motion for an Expedited Briefing Schedule at Appeals Court" are unrelated to the motion or insufficiently explained. For example, on October 26, 2007, Brian Duncan recorded 1.8 hours regarding a call to his client and "[m]eeting with mediator regarding clients attendance." The 1.8 hours is charged at $207. Obviously, the charge is unrelated to the preparation and filing of the motion. Also, on October 31, 2007, William F. Newman recorded one hour of time regarding "[r]review App. Rule 15 and App. Rule 16 as to actions and conduct and filing request for counsel fees as Motion-combined *Page 11 
arguments." The charge of $190 for the one hour is unrelated to the motion for expedited briefing schedule and is therefore disallowed by the magistrate.
 {¶ 54} In short, for the preparation and filing of appellee's motion for an expedited briefing schedule, this magistrate allows a total of $399.50 ($379.50 + $20). The remainder of the $1,023.50 claimed is disallowed.
 {¶ 55} Appellant next challenges the $493 charged to appellee for a brief in opposition to appellant's motion for extension of time. As noted above, on November 6, 2007, appellant's counsel entered her appearance and moved for an extension of time to file appellant's brief. Appellant's counsel requested an extension to November 20, 2007, but this court granted an extension only to November 15, 2007.
 {¶ 56} Given that this court did not grant appellant's full request for an extension, the magistrate must conclude that appellee's brief in opposition had merit. Accordingly, the magistrate will allow the $493 charged for the legal services rendered which includes a meeting with the court administrator, as well as preparation of the brief in opposition.
 {¶ 57} Appellant next challenges the firm's charges for $1,081 for the mediation at this court. According to appellant, the appellee did not make a good-faith endeavor to settle. On that basis, appellant claims that appellee was not damaged by the $1,081 he incurred for the mediation. The magistrate disagrees.
 {¶ 58} Appellant's invitation to this court that it determine whether appellee participated in the mediation in good faith is one that this court cannot accept. Moreover, that the mediation failed to produce a settlement is not grounds for disallowing the legal services incurred by appellee as a result of the mediation. Accordingly, the magistrate allows the $1,081 charged for the mediation. *Page 12 
 {¶ 59} Appellant lastly challenges the firm's charges of $2,844 for "Writ and Set Out." As previously noted, on February 8, 2008, by journal entry, this court granted appellee's February 7, 2008 motion to the extent that the trial court is authorized to forthwith issue a set out order.
 {¶ 60} Exhibit A shows that the following charges were incurred on the following dates:
DATE CHARGES
February 5, 2008 $237.50
February 6, 2008 $137.50
February 7, 2008 $262.50
February 8, 2008 $337.50
 $975 TOTAL

 {¶ 61} The charges for services rendered by the firm after February 8, 2008 do not relate directly to the cost of obtaining an order from this court regarding set out. The charges for services rendered after February 8, 2008 relate to matters before the trial court. Accordingly, this magistrate allows $975 for the "Writ and Set Out."
 {¶ 62} Given the above-analysis, the following amounts are allowed for the seven categories:
CATEGORY TOTAL
1. Motion for Stay in Appellate Court. $611.50
2. Motion for an Expedited Briefing Schedule
 in Appeals Court. $399.50
 *Page 13 
3. Brief in Opposition to Motion for Extension. $ 493
4. Mediation. $1,081
5. Brief of Appellant; Motion for Sanctions;
 Brief of Appellee. $4,129
6. Oral Argument. $1,941.50
7. Writ and Set Out. $975

 {¶ 63} The total allowances for the seven categories is $9,630.50.
 {¶ 64} Accordingly, it is the magistrate's decision that this court determine the appellee's damages relating to this appeal under App. R. 23 to be $9,630.50. *Page 1